Matter of Mazzone (2022 NY Slip Op 01161)





Matter of Mazzone


2022 NY Slip Op 01161


Decided on February 23, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-09507 

[*1]In the Matter of Lewis Anthony Mazzone, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Lewis Anthony Mazzone, respondent. (Attorney Registration No. 1538040.)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by service and filing of a notice of petition and a verified petition, both dated July 31, 2019, and the respondent served and filed a verified answer dated August 23, 2019, and an amended verified answer dated September 16, 2019. The Grievance Committee filed a statement of disputed and undisputed facts dated August 29, 2019. By decision and order on application of this Court dated November 8, 2019, the issues raised were referred to the Honorable Peter B. Skelos, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 13, 1973.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Joseph F. DeFelice, Kew Gardens, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated July 31, 2019, containing four charges of professional misconduct. By virtue of his amended verified answer dated September 16, 2019, the respondent admitted the factual specifications underlying the charges. After a hearing on February 3, 2020, the Special Referee submitted a report dated October 26, 2020, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation of counsel in response, together with a memorandum of law, in which he does not oppose the findings of the Special Referee that sustained the charges, and requests that the Court, in view of the mitigating circumstances presented, impose no more than a public censure.
The Petition 
Charges one and two allege that the respondent misappropriated funds entrusted to him incident to his practice of law (charge one), and commingled personal funds with funds entrusted to him as a fiduciary (charge two), in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), based upon the following factual specifications:
At all relevant times herein, the respondent maintained an escrow account at Chase Bank entitled "Lewis A. Mazzone Attorney At Law," with an account number ending in 5758, of which he was the sole signatory (hereinafter escrow account).
As of February 22, 2017, the balance in the escrow account was $156,877.17, which included $315.74 in earned legal fees for a matter the respondent could not identify. Between in or about February 2017 and in or about June 2017, the balance in the escrow account fell below what the respondent was required to maintain, as follows:
On February 23, 2017, the respondent disbursed check #9254 from the escrow account in the amount of $1,500 payable to himself for legal fees, thereby reducing the balance in the account to $155,377.17, $1,184.26 below what he was required to maintain.
After making further deposits and disbursements, as of March 1, 2017, the respondent was required to maintain no less than $126,826.50 in the escrow account. On March 1, 2017, the balance in the escrow account was $125,642.24, reflecting a continuing shortage of $1,1824.26.
On March 2, 2017, the respondent disbursed check #9258 from the escrow account in the amount of $900 payable to himself for legal fees, thereby reducing the balance in the account to $124,742.24, $2,084.26 below what he was required to maintain.
After an additional deposit and disbursements, on March 22, 2017, the balance in the escrow account was $174,542.24, reflecting a continuing shortage of $2,084.26.
On June 12, 2017, the respondent disbursed check #2655 in the amount of $2,875 from the escrow account payable to himself for legal fees, thereby reducing the balance in the account to $48,790.74, $1,209.26 below what he was required to maintain.
On June 30, 2017, the balance in the escrow account was $43,990.74, reflecting a continuing shortage of $1,209.26.
Between in or about February 2017 and in or about June 2017, the respondent commingled personal funds with funds entrusted to him as a fiduciary, as follows:
As of February 22, 2017, the respondent had earned legal fees on deposit in the escrow account in the sum of $315.74 for a matter the respondent could not identify.
On March 22, 2017, the respondent deposited $3,000 into the escrow account, representing an unearned legal fee, paid in advance of the Bell/Krause pending real estate closing. The respondent failed to withdraw the $3,000 legal fee after the Bell/Krause closing on April 7, 2017.
On June 30, 2017, the respondent also deposited an advanced retainer fee of $3,000 into the escrow account.
Charge three alleges that, in addition to the factual specifications set forth in charges one and two, the respondent failed to make accurate entries of all financial transactions related to his trust account in his ledger books or similar records, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0), based upon the following factual specifications:
The Grievance Committee requested that the respondent provide an explanation for the deficiencies identified in the escrow account, including the purpose for the disbursements of check # 9254 in the amount of $1,500, check # 9258 in the amount of $900, and check #2655 in the amount of $2,875, all made payable to the respondent. Despite having an opportunity to review his banking and bookkeeping records, the respondent was unable to explain the purpose for those disbursements, nor could he identify the source or cause of the escrow account deficiency. Moreover, the respondent did not maintain a ledger for the escrow account, nor could he locate all of the bank records for the account.
Charge four alleges that, based on the factual specifications set forth in charges one through three, the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
Here, the respondent failed to maintain the proper bookkeeping records for the escrow account. Consequently, funds the respondent held on behalf of his clients were invaded, which defalcations remained undetected, albeit for a relatively short period of time, as the respondent failed to properly reconcile the escrow account. In determining the appropriate measure of discipline to impose, we have considered the unintentional nature of the defalcations, the remedial actions taken [*2]by the respondent, his sincere remorse, and his long unblemished history as an attorney.
Under the totality of the circumstances, the respondent is publicly censured.
LASALLE, P.J., DILLON, DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Lewis Anthony Mazzone, is publicly censured for his professional misconduct.
ENTER:
Maria T. Fasulo
Clerk of the Court